[ECF No. 27]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRUCE E. TAYLOR, *on behalf of himself and those similarly situated*,<br><br>                    Plaintiff,<br><br>    v.<br><br>CARCO GROUP, INC., et al.,<br><br>                    Defendants. | Civil No. 22-7547 (CPO/MJS) |

O P I N I O N  &  O R D E R

This matter comes before the Court upon the unopposed[1] motion for leave to file an amended complaint ("Motion") filed by plaintiff Bruce E. Taylor ("Plaintiff") [ECF No. 27]; and

**WHEREAS**, the proposed amended complaint seeks to add Securitec Screening Solutions, Inc. ("Securitec") and its parent company Appriss, Inc. ("Appriss") as defendants [ECF No. 27-2]; and

**WHEREAS**, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court

---

[1] Plaintiff notes in his Motion that "Defendants, through their counsel, have indicated they will not oppose the motion." ECF No. 27 at 1. The deadline for defendants Carco Group, Inc., Cisive, and Drive iQ Incorporated ("Defendants") to respond to Plaintiff's Motion was September 5, 2023. The Court notes that this date has passed without any of the Defendants filing a response to the Motion.

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, if the court's scheduling order deadline within which the parties could seek amendments to the pleadings has passed, the moving party must first satisfy Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." See also Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); and

**WHEREAS**, the Court's scheduling order set "[t]he time within which the parties could seek amendments to the pleadings or add new parties" to expire on June 12, 2023 [ECF No. 12 ¶ 4] and Plaintiff filed this Motion on August 18, 2023. Thus, the Court must find that Plaintiff satisfied Rule 16(b)(4) before addressing Rule 15(a)(2); and

**WHEREAS**, whether "good cause" exists under Rule 16(b)(4) depends in large part on the diligence, or lack thereof, of the moving party. GlobespanVirata, Inc. v. Texas Instruments, Inc., Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). When examining a party's diligence, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend

before the deadline expired. See Dimensional Commc'ns, Inc. v. Oz Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005); and

**WHEREAS**, Plaintiff asserted in his Motion that "he did not learn the facts underlying the basis for the proposed amendment until after the deadline [to amend] passed."[2] ECF No. 27 at 2. The Court finds that the circumstances as represented by Plaintiff in his Motion constitute good cause under Rule 16(b)(4), and that Plaintiff acted diligently in identifying the proposed defendants and moving for leave to amend to add the proposed defendants;

**WHEREAS**, pursuant to Rule 15(a)(2), the Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1471 (2d ed. 1990)); and

---

[2] Plaintiff explains in his Motion that Defendants identified proposed defendant Securitec as involved in the conduct underlying the case in their responses to Plaintiff's discovery requests on June 9, 2023. ECF No. 27 at 2. However, it was not until the parties met and conferred via telephone on July 12, 2023 "wherein counsel for Defendants provided certain representations concerning the operations of the business relationship between Defendants and Securitec not reflected in the documents provided." Id. at 3. Plaintiff's counsel then requested Defendants' consent to amend the complaint to add Securitec and Appriss as defendants on July 28, 2023. Id. Counsel for Defendants indicated they would not oppose this Motion on August 14, 2023. Id. Plaintiff then filed this Motion four days later.

3

**WHEREAS**, a court may deny a party's leave to amend a pleading "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)); and

**WHEREAS,** the Court finds that Plaintiff's Motion was not made with undue delay, bad faith, or dilatory motive. Plaintiff filed this Motion only four days after receiving notice from counsel for Defendants that they would not oppose the Motion. ECF No. 27 at 2-3. Additionally, Plaintiff promptly requested consent from Defendants to add the proposed defendants after learning of and confirming the extent of their alleged involvement in the conduct underlying the case. Id.; and

**WHEREAS**, Plaintiff's proposed amended complaint is not, on its face, futile, because it sufficiently alleges Securitec's and Appriss's involvement in the conduct underlying the case, see ECF No. 27-2;[3] and

---

[3] "A proposed amendment is considered futile if it 'is frivolous or advances a claim or defense that is legally insufficient on its face.'" Batta v. HCL Am., Inc., Civ. No. 17-5988, 2019 WL 6888407, at *3 (D.N.J. Dec. 17, 2019) (quoting Harrison Beverage Co., 133 F.R.D. at 468).

4

**WHEREAS,** granting Plaintiff's Motion will not prejudice Defendants because the case is still in its early stages and discovery is still ongoing.[4] Further, none of the Defendants have opposed this Motion or otherwise demonstrated how they would be prejudiced if the Court grants this Motion, and the proposed defendants do not have standing to oppose this Motion. See Raab Fam. P'ship v. Borough of Magnolia, Civ. No. 08-5050, 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009) ("[P]roposed defendants 'do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action.'" (quoting State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007))).

Accordingly, **IT IS** on this **13th day** of **September 2023,**

**ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF No. 27] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file his amended complaint by no later than **September 18, 2023** and serve it on all defendants consistent with Federal Rule of Civil Procedure 4; and it is further

---

[4] The scheduling order set the deadline for Plaintiff to file a class certification motion as October 12, 2023, and the deadline for pretrial factual discovery as December 12, 2023. ECF No. 12 ¶¶ 5-6. Plaintiff filed his Motion well ahead of both of these deadlines.

5

**ORDERED** that the status conference shall proceed as scheduled on **September 14, 2023** at **11:30 a.m.** <u>See</u> ECF No. 24. Counsel shall dial **1-888-808-6929, access code: 2170922#** to connect to the call.

<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn
    United States District Judge

6